UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 19-cr-00099-EJD-1 |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| KISHORE DATTAPURAM, | Re: ECF No. 149 |
| Defendant. | |

The United States ("Government") alleges that Defendants Kumar Aswapathi, Santosh Giri, and Kishore Dattapuram (collectively, "Defendants") engaged in visa fraud in connection with the company Nanosemantics, Inc.'s submission of H-1B applications. The alleged fraudulent statements were that the prospective H-1B visa beneficiaries would "had job offers and statement-of-work documents from disclosed end-client companies" when in fact Defendants knew those jobs did not exist. ECF No. 1 (the "Indictment") ¶ 17.

Defendant Kishore Dattapuram filed a motion to dismiss the indictment against him. *See* ECF No. 149 ("Mot."). The Government opposes the motion. ECF No. 157 ("Opp."). The Court held a hearing on June 4, 2024. For the reasons discussed on the record at the hearing and explained below, the Court DENIES the motion to dismiss.

I.  **BACKGROUND**

The Indictment, dated February 28, 2019, charged Defendants with conspiracy to commit visa fraud as well as ten counts of visa fraud corresponding to ten fraudulent applications submitted by Defendants in 2014 and 2015. Indictment ¶¶ 14–17.

The following facts are taken from the Indictment, as required on a motion to dismiss an

Case No.: 19-cr-00099-EJD-1
ORDER DENYING MOTION TO DISMISS

1

1  indictment for failure to state an offense. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir.
2  2002) ("On a motion to dismiss an indictment for failure to state an offense, the court must accept
3  the truth of the allegations in the indictment in analyzing whether a cognizable offense has been
4  charged").

### A. The H1-B Visa Program

The H-1B Specialty Occupation Workers program allows an employer to temporarily employ a foreign worker in the United States on a nonimmigrant basis in a "specialty occupation." Indictment ¶ 6. A "specialty occupation" requires the theoretical and practical application of a body of specialized knowledge and a bachelor's degree or its equivalent in the relevant specialty. *Id.*

An employer seeking to employ an H-1B nonimmigrant is required to submit a completed Labor Condition Application for Nonimmigrant Workers (ETA Form 9035) ("LCA Form") to the Department of Labor. *Id.* ¶ 7. The LCA Form requires the employer to provide information and several attestations about the job, including "confirmation of the existence" of "the temporary job posting." *Id.* After the LCA Form is approved, the employer submits a Form I-129 Petition for Nonimmigrant Worker ("I-129 Petition") with the United States Citizenship and Immigration Services ("USCIS") on behalf of the foreign worker. *Id.* at 8. The foreign worker is referred to as the "beneficiary" of the H-1B application process. *Id.* When a petitioner other than the ultimate employer applies for an H-1B visa for a foreign worker, the ultimate employer seeking to hire the worker is referred to as the "end-client." *Id.*

### B. Defendants' Allegedly Unlawful Conduct

Defendant Dattapuram was the President, CEO, and person with ultimate authority over the activities and operations of Nanosemantics, a consulting firm offering staffing services to technology companies located in Northern California. Indictment ¶ 9. Defendant Aswapathi was the Secretary and CFO of Nanosemantics, and Defendant Giri was affiliated with Nanosemantics and communicated on behalf of the company. *Id.* ¶¶ 1–3.

Defendants allegedly submitted fraudulent documents to the United States in connection

Case No.: 19-cr-00099-EJD-1
ORDER DENYING MOTION TO DISMISS
2

with H-1B visa applications for beneficiaries sponsored by Nanosemantics. *Id.* ¶ 11. The submissions stated that the beneficiaries had specific jobs waiting for them at designated end-client companies. *Id.* In reality, Defendants allegedly knew that the listed jobs did not exist. *Id.* "Rather than securing employment for beneficiaries before seeking H-1B visas," the Indictment alleges that "Defendants paid employers to serve as purported end-clients for foreign workers, never intending to place the beneficiaries at those end-client companies." *Id.*

As a result of this scheme, Defendants and Nanosemantics allegedly gained an unfair advantage over competing staffing firms, because Nanosemantics was able to obtain H-1B visas for job candidates while continuing to market them to potential end-clients, placing candidates at those end-clients as soon as employment was secured. *Id.* ¶ 12. In contrast, "staffing firms complying with the law were required to secure employment for workers by first completing the H-1B visa application process prior to placing those workers at end-client companies." *Id.*

## II.   LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss a count in an indictment on the ground that the count "fail[s] to state an offense." Every count must "set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). Where a count fails to recite an essential element of the offense, that count is facially defective and must be dismissed. *See United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001).

For purposes of ruling on a motion to dismiss a count in an indictment, courts are "bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014) (quoting *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002)). Courts accept the allegations in the indictment as true and "analyz[e] whether a cognizable offense has been charged." *Boren*, 278 F.3d at 914. A motion to dismiss a count in an indictment can be determined before trial if it presents legal, rather than factual, issues. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

## III. DISCUSSION

The Government alleges that Defendants violated 18 U.S.C. § 1546(a). That statute prohibits, among other things:

> knowingly mak[ing] under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscrib[ing] as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly present[ing] any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact.

18 U.S.C. § 1546(a).

The elements of a such a violation are: (1) the defendant made a false statement; (2) the statement was made knowingly; (3) the statement was material to the USCIS's activities or decisions; (4) the statement was made under oath; and (5) the statement was made in an application required by the immigration laws or regulations prescribed thereunder of the United States of America. *See United States v. Wang*, 944 F.3d 1081, 1087 (9th Cir. 2019) (citing *United States v. Chu*, 5 F.3d 1244, 1247 (9th Cir. 1993)).

Defendant's motion to dismiss focuses on the third element—whether the alleged false statements were "material" to the USCIS's activities or decisions. The Government alleges that Defendant falsely stated that certain H-1B beneficiaries had specific jobs waiting for them at designated end-client companies when in reality, the listed jobs did not exist. Defendants argue that these statements were not material because the Government is not permitted to consider them following *ITServe All., Inc. v. Cissna*, 443 F. Supp. 3d 14 (D.D.C. 2020). The Government responds that the alleged false statements were material because they go to whether the foreign worker has actually received an offer for a real, qualifying job. And whether the worker has actually received an offer for a real, qualifying job is at the core of the H-1B eligibility criteria, and is therefore the focus of USCIS's inquiry. Opp. 7. The Government also argues that, even if USCIS is now prohibited from requiring confirmation of a specific, bona fide job waiting for a foreign worker, dismissal of the Indictment would still be improper because Defendant's false responses still constituted criminal visa fraud. *Id.* at 8.

Case No.: 19-cr-00099-EJD-1
ORDER DENYING MOTION TO DISMISS
4

"A statement is material if it is capable of affecting or influencing a governmental decision." *United States v. Matsumaru*, 244 F.3d 1092, 1101 (9th Cir. 2001). "The false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material." *Id.* (quoting *United States v. Serv. Deli Inc.*, 151 F.3d 938, 941 (9th Cir. 1998)). For the reasons discussed below, the Court finds that Defendant has adequately alleged that the false statements were material to USCIS's decision.

The court in *United States v. Patnaik* provided the below useful summary of two recent developments bearing on the Court's analysis. No. 22-CR-00014-BLF, 2023 WL 1111829, at *3 (N.D. Cal. Jan. 30, 2023).

First, in March 2020, the United States District Court for the District of Columbia issued an opinion in *ITServe* addressing challenges to recent USCIS policies. Second, shortly after the order in *ITServe* was entered, USCIS issued Policy Memorandum PM-602-0114 ("Recission Memo"). That memorandum rescinded prior policy memoranda that had established the policies the ITServe court struck down.

Before the court in *ITServe* were 33 cases challenging USCIS's handling of H-1B visa applications. *ITServe*, 443 F. Supp. 3d at 19. Most of the *ITServe* plaintiffs were staffing companies that may place a visa holder with other client companies. *See id.* at 21. The employers challenged policies that USCIS had announced and implemented through a 2018 Policy Memorandum. *Id.* at 34–35. The Policy Memorandum incorporated and reaffirmed a 2010 Guidance Memo (also known as the "Neufeld Memo") and added standards that specifically targeted employer petitions that involve third-party worksites. *Id.* at 25, 35. The court issued three holdings relevant to the Court's analysis.

First, *ITServe* held that USCIS could no longer focus only on "control" when determining whether an H-1B application demonstrated "employer-employee" relationship between an employer and the proposed H-1B beneficiary. *Id.* at 37. Instead, USCIS would have to consider all of the criteria listed in the USCIS's regulations—including whether the employer may hire, pay, fire, supervise, or otherwise control the employee's work. *Id.* USCIS had to accept any one

Case No.: 19-cr-00099-EJD-1
ORDER DENYING MOTION TO DISMISS
5

of these criteria as sufficient to establish an employer-employee relationship. *Id.*

Second, *ITServe* held that USCIS policies requiring that H-1B petitioners "(1) provide proof of non-speculative work assignments [for H-1B beneficiaries] (2) for the duration of the visa period" were not permissible under the agency's own regulation. *Id.* at 20. The court explained that USCIS's interpretation of its regulation defining "specialty occupation" to require employers to identify non-speculative work assignments in a specialty occupation for the term of the H-1B visa was "plainly erroneous." *Id.* at 39–40.

Third, the court held that USCIS may not require that applicants submit an itinerary of non-speculative work assignments for the duration of the proposed beneficiary's visa. *Id.* at 42. The court found that this requirement had been superseded by the American Competitiveness and Workforce Improvement Act of 1998 ("ACWIA"), which authorizes employers to place H-1B visa holders in paid non-productive status. *Id. ITServe* held that applying these disputed factors to the IT consulting sector was "irrational" and "arbitrary and capricious." *Id.* at 41. The court concluded that the application of the itinerary requirement was incompatible with the ACWIA. *Id.* at 42.

Defendant here urges the Court to follow *United States v. Patnaik*'s application of *ITServe*. In *Patnaik*, the government similarly alleged that the defendants submitted fraudulent H-1B visa applications in violation of multiple criminal statutes, including 18 U.S.C. § 1546(a). The alleged fraudulent statements were that the prospective H-1B visa beneficiaries would "be working onsite at [defendants'] office on internal projects," when in fact, defendants contracted the beneficiaries out to work on offsite projects for clients. The defendants moved to dismiss the indictment, arguing that their alleged false statements were not "material" to the USCIS's activities or decisions because the government was not permitted to consider them. In granting defendants' motion to dismiss, the court found that the alleged false statements were not material under *ITServe* because "USCIS may not require details concerning the specific projects upon which an H-1B visa beneficiary would be working under its governing regulations." *Patnaik*, 2023 WL 1111829, at *4.

Case No.: 19-cr-00099-EJD-1
ORDER DENYING MOTION TO DISMISS
6

1 The Court finds that *ITServe* does not apply to the present facts. Despite some factual overlap between *Patnaik* and the present case, the cases are distinct. In *Patnaik*, the defendants claimed that the beneficiaries would work at defendants' own firm on specific "internal projects." *Patnaik*, 2023 WL 1111829, at *2. That is, the defendants allegedly provided false statements regarding where the beneficiaries would work and what they would work on. Here, no legitimate jobs existed for the beneficiaries at the time Defendant submitted the H-1B applications. Defendant allegedly paid another company to claim to be the employer for the applications. So the statements that jobs were available were false.

The Court's conclusion here is consistent with *Patnaik*'s reasoning. *Patnaik* explained that, post-*ITServe* and the Recission Memo, "USCIS may not require details concerning the specific projects upon which an H-1B visa beneficiary would be working under its governing regulations." *Patnaik*, 2023 WL 1111829, at *4. The Indictment here did not rely on "details concerning the specific projects upon which" the beneficiaries would be working. Rather, the allegedly fraudulent statements were regarding the very existence of the jobs Defendant represented were waiting for the beneficiaries.

*United States v. Guntipally* also considered the applicability of *ITServe* on the materiality element of a visa fraud charge. No. 16-CR-00189-JSC-1, 2022 WL 2183285, at *1 (N.D. Cal. May 23, 2022), certificate of appealability denied, No. 22-16052, 2023 WL 9231661 (9th Cir. Dec. 5, 2023). There, the defendant pleaded guilty to conspiracy to commit visa fraud, among other charges. *Id.* She admitted to submitting H-1B applications that included false representations including listing end-client companies that "either did not exist or never received the proposed H-1B workers." *Id.* ad *2. She later moved to vacate her sentence on the basis that her counsel failed to advise her of a potential defense: "that any misstatements alleged were not material to the decision to grant or deny the visas sought, under a proper construction of the applicable [USCIS] criteria." *Id.* Defendant in *Guntipally* argued that her fraudulent statement "with respect to the end employer and the nature, existence and scope of [H-1B] positions" were not "material" in light of *ITServe*. *Id.* The court rejected defendant's argument and explained that

Case No.: 19-cr-00099-EJD-1
ORDER DENYING MOTION TO DISMISS

7

*ITServe* "in no way suggests that [defendant's] false statements about available positions were not material. Even if USCIS could not require employers to provide certain kinds of proof, applicants such as [defendant] are required to be truthful in the H-1B applications themselves." *Id.*

As explained above, following *ITServe* and the subsequent Recission Memo, USCIS no longer requires the identity of the beneficiary's specific day-to-day assignments for the duration of the requested visa, and USCIS will abstain from application of its itinerary requirement. But the Indictment does not allege that Defendant made false statements pertaining to specific work assignments or the visa beneficiaries' itinerary. It alleges that Defendants falsely represented "the beneficiaries had specific jobs waiting for them" even though "Defendants knew that the listed jobs did not exist." Indictment ¶ 11. In essence, Defendant falsely claimed jobs existed when he knew this was not true. Neither *ITServe* nor *Patnaik* eliminated the fundamental requirement that the individual or entity applying for an H-1B visa identify an available job for the beneficiary. This is underscored by the Recission Memo, which states that "*A bona fide job offer must exist at the time of filing*. The petitioner is required to attest under penalty of perjury on the H-1B petition and LCA that all of the information contained in the petition and supporting documents is complete, true, and correct. The petitioner has the burden of proof *to establish that employment exists at the time of filing* and it will employ the beneficiary in the specialty occupation." Rescission Memo 2 (emphasis added).

Counsel for Defendant conceded this basic principle: that an applicant applying for an H-1B visa is required to identify "basic information" such as "where, the job title, the prevailing wage, the period of employment, [and] the employer information." June 4, 2024, Hearing Tr. 17:7–14. The Indictment alleges that Defendant falsely indicated on the application that there were job positions open when in fact there were not. Even following *ITServe*, USCIS evaluating H-1B applications will still consider whether an applicant has stated that a job offer exists at the time of filing the application. *See* Rescission Memo 2. The Indictment alleges that Defendant falsely stated that job positions existed. The Government has sufficiently alleged the third element of 18 U.S.C. § 1546(a): the statement was material to the USCIS's activities or decisions. And

Case No.: 19-cr-00099-EJD-1
ORDER DENYING MOTION TO DISMISS
8

"[e]ven if USCIS could not require employers to provide certain kinds of proof, applicants such as [Defendant] are required to be truthful in the H-1B applications themselves." *Guntipally*, 2022 WL 2183285, at *3.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment is DENIED.

**IT IS SO ORDERED.**

Dated: June 14, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 19-cr-00099-EJD-1
ORDER DENYING MOTION TO DISMISS

9