United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KISHORE DATTAPURAM,<br>Defendant. | Case No.  5:19-cr-00099-EJD-1<br>**ORDER DENYING MOTION TO DISMISS**<br>Re: ECF No. 217 |

The United States has charged Defendant Kishore Dattapuram with ten counts of visa fraud and one count of conspiracy related to fraudulent H-1B visa applications that Dattapuram submitted on behalf of third-party beneficiaries. ECF No. 1 ("Indictment"). Dattapuram now moves to dismiss his indictment on the ground that *Maslenjak v. United States*, 582 U.S. 335 (2017), precludes the charges against him. ECF No. 217 ("Mot."). For multiple reasons, Dattapuram's motion fails.

***First***, Dattapuram raises his motion to dismiss under Federal Rule of Criminal Procedure 12(b)(2), which governs motions to dismiss for lack of jurisdiction. Mot. at 2. However, Dattapuram does not raise any jurisdictional arguments in his motion. Instead, he attacks only the merits of the charges against him. Thus, he has not shown that he is entitled to dismissal for lack of jurisdiction.

***Second***, even construing Dattapuram's motion as one raising failure to state an offense, which appears to be Dattapuram's intent, the motion still fails. On a motion to dismiss for failure to state an offense, the Court "is bound by the four corners of the indictment"; the Court may not consider evidence. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). Yet, that is precisely what Dattapuram asks the Court to do, attaching eleven exhibits to his motion that

Case No.: 5:19-cr-00099-EJD-1
ORDER DEN. MOT. TO DISMISS            1

Dattapuram claims will show he cannot be convicted.  *See* ECF Nos. 217-1 to -11.  Because Dattapuram's argument is based on evidence that the Court cannot consider, the Court must deny his motion.

***Third***, were the Court able to consider Dattapuram's evidence, the premise of Dattapuram's argument is still wrong.  Dattapuram asserts that *Maslenjak* makes "qualification for the immigration benefit . . . a complete defense" to visa fraud.  Mot. at 4.  Ostensibly, Dattapuram believes that, even absent the allegedly fraudulent statements that he made in the relevant H-1B visa applications, the beneficiaries on whose behalf he submitted those applications still would have qualified to receive H-1B visas.  One problem with this argument is that *Maslenjak* interpreted 18 U.S.C. § 1425(a).  582 U.S. at 338.  The criminal statute at issue here is 18 U.S.C. § 1546(a).  These two statutes differ in material ways.

Start with § 1425(a), which makes it a crime to "knowingly procure . . . , contrary to law, the naturalization of any person."  18 U.S.C. § 1425(a).  *Maslenjak* held that § 1425(a)'s use of the word "procure" created a causation requirement.  582 U.S. at 341–45.  As a consequence of this causation requirement, the *Maslenjak* court explained that "qualification for citizenship is a complete defense to a prosecution brought under § 1425(a)."  *Id.* at 351.  By contrast, the relevant paragraph of § 1546(a) reads:

> Whoever knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact—Shall be fined under this title or imprisoned . . . .

18 U.S.C. § 1546(a).  Section 1546(a) does not use the word "procure," so *Maslenjak*'s holding as to causation does not apply to this section.  Accordingly, a beneficiary's qualification for an H-1B visa is no defense to charges under § 1546(a).

***Finally***, assuming that § 1546(a) required causation, the indictment sufficiently alleges causation. The H-1B visa program requires companies seeking to hire a foreign worker to confirm the existence of a job *before* the foreign worker can apply for a visa.  Indictment ¶¶ 7, 11; *see also*

Case No.: 5:19-cr-00099-EJD-1
ORDER DEN. MOT. TO DISMISS                    2

20 C.F.R. § 655.700(b)(1) (requiring labor condition applications before submitting H-1B applications); 20 C.F.R. § 655.730(c)(4) (requiring labor condition applications to confirm the existence of a job).  In other words, existence of a job is a prerequisite to securing an H-1B visa.  The indictment alleges that Dattapuram falsely represented that such jobs existed.  Indictment ¶ 11.  Since there is a clear causal line between lying about a prerequisite and securing an H-1B visa—had Dattapuram disclosed the truth, U.S. immigration officials would have known that the beneficiaries Dattapuram was applying on behalf of were *not* eligible for H-1B visas— Dattapuram's argument fails even on its own terms.

*    *    *

For these reasons, the Court DENIES Dattapuram's motion to dismiss.

**IT IS SO ORDERED.**

Dated: October 9, 2024

_____
EDWARD J. DAVILA
United States District Judge